# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID HANSEN,<br><br>  Plaintiff,<br><br>v.<br><br>UTAH BOARD OF PARDONS AND PAROLE, et al.,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Case No. 2:24-cv-00203<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

## BACKGROUND

In this matter, Plaintiff David Hansen asserts a single federal claim pursuant to 42 U.S.C. § 1983, alleging his rights, under the ex post facto clause, have been violated by actions of Defendants Utah Board of Pardons and Parole, unspecified members of that Board, and the State of Utah (collectively "Defendants").[1] Defendants filed a Motion to Dismiss[2] As set forth below, the Court finds Plaintiff fails to allege facts sufficient to support his lone federal claim. Thus, the Court will dismiss Plaintiff's Complaint, with leave to amend.

## ANALYSIS

Defendants raise a number of issues, but the first–whether Plaintiff has adequately pled facts to support his § 1983 claim–is dispositive.

---

[1] *See* Compl. at 6–8, ECF No. 2, Ex. A. While Plaintiff also alleges state claims, as well as claims on behalf of a purported class, the Court does not reach those issues for reasons further explained in the Court's Analysis, *infra*.
[2] ECF No. 14.

I.   **Plaintiff has not alleged facts sufficient to support a § 1983 claim**

   a.   **Plaintiff's claim for damages under § 1983 fails, to the extent he pleads one, because he has not alleged any claim against a "person"**

Assuming Plaintiff pursues any claim for damages against the individual board members,[3] Plaintiff has not alleged a claim against any "person" as he must to support a § 1983 claim for damages.  Section 1983 allows a plaintiff to bring a suit for civil damages against a "person" who acted under color of state law to deprive the plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 175 (2023).  "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995) (overruled by statute on other grounds) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989)).  Plaintiff does not name any "person" anywhere in his Complaint and, consequently, no individual has been made a party to this lawsuit.  Plaintiff references "Members of the Board of Pardons" but does not identify a single individual member of that Board, let alone allege facts to show that any such individual violated his federal rights.  Accordingly, to the extent Plaintiff has attempted to assert a claim for damages under § 1983, that claim is not adequately pled because it does not identify any individual in their individual capacity, nor does he allege facts to show such individual violated Plaintiff's rights under federal law.

---

[3] Plaintiff indicates, in his Opposition, that his § 1983 claim against the individual board members "is only for prospective relief – not monetary damages."  ECF No. 17 at 17.

### b. Plaintiff's request for injunctive relief is moot

Plaintiff attempts to salvage his § 1983 claim against Defendants by contending he seeks injunctive relief.[4] Yet Plaintiff seeks only to enjoin Defendants from retroactively applying a provision of state law to refuse "to terminate the sentence" of those who complete three years of parole without committing a violation of the terms of their parole.[5] Plaintiff's request for injunctive relief is moot because the Complaint acknowledges Plaintiff's parole and sentence were terminated on January 2, 2024.[6]

Based on the foregoing, Plaintiff has failed to plead facts sufficient to support a § 1983 claim. Accordingly, the Court dismisses that claim without prejudice because the claim against the government entities is moot and there are no individuals named in the Complaint.

## II. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining causes of action

Having found the lone federal claim subject to dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiffs other causes of action. A "district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *I Dig Texas, LLC v. Creager*, 98 F.4th 998, 1012–13 (10th Cir. 2024). Accordingly, the Court dismisses Plaintiff's remaining state claims

---

[4] While Plaintiff also contends he seeks declaratory relief, this claim appears moot without a viable accompanying claim for an injunction or damages. *See Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) ("in the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant").
[5] Compl. at 7.
[6] *See* Compl. at 4. Several of Plaintiff's requests for relief purport to seek redress on behalf of a class. *See* Compl. at 7–8. As Plaintiff recognizes, no class has been certified and is thus not presently before the Court. ECF No. 17 at 18–19.

without prejudice because the Court declines to exercise supplemental jurisdiction in the absence of a properly alleged federal claim.

## **ORDER**

Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss. (ECF No. 14). Plaintiff's Complaint is DISMISSED without prejudice. Plaintiff may file an amended complaint not later than March 18, 2025, setting forth facts sufficient to state a claim within this Court's original jurisdiction. Failure to file an amended complaint by that deadline will result in remand of this action to state court without further notice. The remaining requests in Defendants' Motion are denied.

DATED this 4th day of March 2025.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge